## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| CARL DAWSON, INDIVIDUALLY AND ON BEHALF OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF ESTERLENE GOODMAN DAWSON, DECEASED | PLAINTIFF |
| v. | Civil Action No. 3:23-cv-388-DPJ-FKB |
| MANHATTAN NURSING AND REHABILITATION CENTER, LLC AND JOHN DOES 1-10 | DEFENDANTS |

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Zack Wallace, Clerk
CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
P.O. Box 327
Jackson, Mississippi 39205

Terris C. Harris, Esq.
THE COCHRAN FIRM-JACKSON
197 Charmant Drive, Suite 2
Ridgeland, MS 39157
tharris@cochranfirm.com

**ATTORNEY FOR PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Manhattan Nursing and Rehabilitation Center, LLC ("Manhattan") files this Notice of Removal of the civil action styled *Carl Dawson, Individually and on behalf of all the Heirs at Law and Wrongful Death Beneficiaries of Esterlene Goodman Dawson, Deceased v. Manhattan Nursing and Rehabilitation Center, LLC.;* Cause No. 25CI1:23-cv-00267-DHG, from the Circuit Court of

Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.  In support of this Notice, Manhattan states the following:

1. Plaintiff Carl Dawson filed this medical negligence and wrongful death action in the Circuit Court of Hinds County Mississippi on May 12, 2023.  The lawsuit arises out of the care and treatment provided to Esterlene Dawson while a resident of Manhattan.  According to the Complaint, Ms. Dawson suffered injuries leading to her death as a result of Manhattan's alleged negligence.

2. Plaintiff served Manhattan with a copy of a Summons and Complaint on May 17, 2023.  *See* Exhibit A.  This Notice of Removal is filed within thirty days of receipt of the Summons and Complaint and is thus timely under 28 U.S.C. § 1446.

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division because that is the district in which the state court action was filed.  *See* 28 U.S.C. §§ 1446(a), 104(b)(1).

4. This Court has original jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs and Defendant and more than $75,000 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

5. Plaintiff seeks damages of multiple types. Complaint ¶ 54. Plaintiff claims that Manhattan caused Ms. Dawson "physical pain, suffering, mental anguish disfigurement, loss of enjoyment of life, humiliation, and fright," and seeks both compensatory and punitive damages. *See* Complaint at ¶ 54. Additionally, Plaintiff claims Manhattan caused wrongful death beneficiaries "loss of a personal relationship with Esterlene, including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion, affection, and love" ¶ 54. Such claims for alleged serious and permanent injuries support a finding

that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy to exceed $75,000 as plaintiff sought damages for medical expenses, physical pain and suffering, loss of wages and permanent disability and disfigurement for injuries sustained after falling in defendant's store); *Irons v. Glaxo Welcome, Inc.*, 2006 WL 1272797, at *2 (S.D. Miss. May 9, 2006) (citing *Gebbia* and holding that amount in controversy requirement met based on plaintiff's claims for medical expenses, lost wages, physical pain and suffering and mental anguish arising from use of defendant's product). Additionally, in Exhibit B to the Complaint, Plaintiff indicates that he seeks at least $1,000,000.00 in damages. Complaint at p.21.  The amount in controversy is clearly met.

6. Diversity of citizenship exists because Plaintiff is citizen of Mississippi, and Manhattan is not a citizen of Mississippi. As set forth in detail below, Manhattan Nursing and Rehabilitation Center, LLC is a limited liability company whose members are all citizens of the State of New York.  *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

7. Manhattan Nursing and Rehabilitation Center, LLC's members are D&N, LLC ("D&N") and DTD HC, LLC ("DTD HC").  D&N and DTD HC are New York limited liability companies.

8. D&N's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust.  Mr. Bennett is a citizen of New York.  The Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust are traditional trusts.  The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald Bennett.  *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n. 6 (5th Cir. 2009) (citing

*Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

9. DTD HC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a citizen of the State of New York. The Donald T. Denz Irrevocable Trust is a traditional trust, and the trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a citizen of New York.

10. The Plaintiff has also named John Does 1-10. For removal purposes, however, the citizenship of a defendant sued under a fictitious name is not considered. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) (quoting 28 U.S.C. § 1441(a) which states, "[f]or purposes of removal[,] . . . the citizenship of defendants sued under fictitious names shall be disregarded.").

11. In accordance with 28 U.S.C. § 1446(a), Manhattan has provided notice to Plaintiff by mailing Plaintiff's counsel a copy of this Notice and the state court Notice of Filing of Notice of Removal. Manhattan has also provided notice to the Clerk of Court for the Circuit Court of Hinds County, Mississippi, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. *See* Exhibit B.

12. The allegations of this Notice are true and correct, and as such, this cause of action is removable to the United States District Court for the Southern District of Mississippi, Northern Division.

This the 16th day of June 2023.

Respectfully submitted,

MANHATTAN NURSING AND
REHABILITATION CENTER, LLC

By Its Attorneys,

/s/ W. Davis Frye
W. Davis Frye (MB No. 10671)
Clay Gunn (MB No. 102920)
BUTLER SNOW LLP
MAILING:  Post Office Box 6010
Ridgeland, Mississippi 39158-6010
PHYSICAL:  1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Tel.:  (601) 985-4277
Fax:  (601) 985-4500
Davis.Frye@butlersnow.com
Clay.Gunn@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record, including the following:

> Terris C. Harris, Esq.
> THE COCHRAN FIRM-JACKSON
> 197 Charmant Drive, Suite 2
> Ridgeland, MS 39157
> tharris@cochranfirm.com

**ATTORNEY FOR PLAINTIFF**

THIS the 16th day of June 2023.

/s/ W. Davis Frye

69399287.v1